## JORDAN W. HYDE, RESPONDENT, *v.* H. O. HARKNESS, APPELLANT.

PRACTICE—MOTION FOR A NEW TRIAL—APPEAL.—An appeal from an order granting, or refusing a new trial must be taken within thirty days from the time the order is made and filed with the clerk.

IDEM—STATEMENT.—A statement on a motion for a new trial can only become a part of the record by the certificate of the judge or referee who tried the case.

APPEAL from the third judicial district, Oneida county.

*L. P. Higbee and J. R. McBride,* for the appellant.

*Huston & Gray and F. E. Ensign,* for the respondent.

CLARK, J., delivered the opinion. HOLLISTER, C. J., concurred.

The appeal is from an order denying appellant's motion for a new trial, and from the final judgment in the action.

It is claimed by the respondent that the appeal from the order denying a new trial was not taken within the time prescribed by statute; that the court, therefore, has no jurisdiction of said appeal, and that it must be dismissed. Respondent also claims that the statement used on motion for a new trial must be stricken out on the ground that the same is not certified by the judge, therefore can not be used on motion for a new trial or on appeal from the final judgment. Respondent further claims that the undertaking filed on appeal from the order denying a new trial, is insufficient, and does not comply with the requirements of the statute. Judgment was entered on the twenty-eighth day of July, 1875. On the tenth day of August, 1875, another judgment was entered herein in lieu of the first judgment modifying the same. On the tenth day of August, 1875, an order was made overruling the appellant's motion, in the court below, for a new trial. On the thirtieth day of September, 1875, the appellant filed his notice of appeal to this court from said judgments, and the order overruling his motion for a new trial.

Section 437, of the civil practice act, provides as follows, to wit: "An appeal may be taken from an order granting or refusing a new trial within thirty days after the order is made and filed with the clerk." The appeal was not made in time, but twenty-one days after the time limited by statute had expired.

The transcript shows that the statement used on motion for a new trial was filed on the tenth day of August, 1875, and that it had been agreed to by counsel for the respective parties, as appears by their certificate thereto attached. The third subdivision of section 211 of the civil practice act, among other things provides as follows, to wit: "It is the duty of the judge or referee, in settling the statement, to strike out of it all redundant and useless matter, and to make the statement truly represent the case, notwithstanding the assent of the parties to such redundant and useless matter, or to any inaccurate statement. When settled, the statement shall be signed by the judge or referee, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk." The statement has not

been certified by the judge who heard the cause, in the manner above provided, or at all, and hence ought to have been disregarded on the hearing of the motion for a new trial. The statute contemplates that a statement can only become a part of the record by the certificate of the judge or referee.

Section 448 of the civil practice act provides that any statement used on motion for a new trial may be used on appeal from a final judgment, equally as on appeal from the order granting or refusing a new trial. The statement ought not to have been heard or used on the hearing of the motion for a new trial, by reason of the objections thereto above stated, and as the same still exist, it can not be used on the appeal from the final judgment.

It appears from the order denying the motion for a new trial, that the court made the following order, to wit: "That the defendant" (now appellant) "shall have until the first day of October next to appeal from the judgment so modified, and also from the order overruling the motion for a new trial." The court can not extend the time provided by statute within which to appeal from an order granting or refusing a new trial. An appeal from an order in such case must be taken within thirty days from the time the order was made, hence the order above cited was error and of no effect.

The appeal from the order overruling the motion for a new trial is dismissed and the statement used on the motion for a new trial stricken from the record in this action.

## ON PETITION FOR REHEARING.

We have examined this petition and considered the grounds therein stated and the authorities cited by the counsel for petitioner, but fail to discover any good reason why we should depart from the doctrine laid down by this court in the opinion now on file in this action, on motion to dismiss the appeal from the order overruling the motion for a new trial, and to strike out statement used on the hearing of the motion for a new trial.

The rehearing is denied.